UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:01 CR 98 |
| | ) | |
| TERRAUN PRICE, | ) | |
| Defendant. | ) | |

## MEMORANDUM and STATEMENT ON LIMITED REMAND AS TO RESENTENCING

The Court of Appeals has ordered a limited remand in the appeal taken by Terraun Price pursuant to the procedure explained in *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). The purpose of the limited remand is to obtain the undersigned's view whether he would have given Price the same sentence—life in prison—had he known the United States Sentencing Guidelines ("Guidelines") were advisory, not mandatory, at the time of sentencing. *Id.* at 483.

As directed in *Paladino*, the court has asked for counsels' input on the subject, by requiring them to file memoranda "addressing the issues they deem pertinent to re-sentencing." Order entered August 25, 2005. The Assistant United States Attorney filed a memorandum which, summed up in one sentence, argues that given the serious nature of the crime committed and Price's supervisory role in the conspiracy involved, the court's sentence was reasonable in light of all the

factors to be considered under 18 U.S.C. § 3553(a) and the court should not resentence him.

Price argues that in the post *Booker/Fanfan* world, the court should calculate Price's (or any defendant's) advisory Guidelines sentence using only facts found by the jury beyond a reasonable doubt or admitted by the defendant. Doing so in Price's case would result in an offense level 34% lower than was used to sentence Price. Based on Price's life expectancy of 35 years, the court should reduce that sentence by 34%, and give Price a sentence no greater than 22.87 years. Thus, Price urges the court to inform the Court of Appeals of its desire to resentence him.

Although the court finds Price's approach to the issue of sentencing after *Booker/Fanfan* quite thoughtful, the court ultimately disagrees that an advisory Guidelines sentence should be calculated based solely upon admitted or jury-found facts. Instead, the procedure allowed by the *Booker/Fanfan* remedy (that is, the excision of 18 U.S.C. § 3553(b)(1) & 3742(e) to make the Guidelines advisory), is for the court to engage in factfinding to calculate a Guidelines-recommended sentence, but then to consider that recommendation along with the other sentencing purposes and factors as required by 18 U.S.C. § 3553(a) in order to impose a reasonable and just sentence. In other words, the calculus in Price's or

any other defendant's case does not require the court to use an "unadjusted" base offense level as the factor to be considered under 18 U.S.C. § 3553(a)(4)(A)(i). *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (sentence "properly calculated" under the Guidelines is presumptively reasonable.)

Reconsidering the sentence it gave Price now, in light of all the information it knows about Price and the crime he committed, and giving full consideration to all of the factors as required by 18 U.S.C. § 3553(a), the court believes that the sentence it imposed was reasonable and is the same sentence it would have imposed had it known that the Guidelines were merely advisory. Accordingly, the court hereby **NOTIFIES** the Court of Appeals that it would reimpose the same sentence on remand.

ENTER: October 6, 2005

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT