UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:07 CV 12 |
| v. | ) | |
| | ) | (arising from 2:01 CR 98) |
| TERRAUN PRICE | ) | |

## ORDER

After a jury found defendant Terraun Price guilty of one count of conspiracy to distribute crack cocaine and one count of using a telephone to facilitate the commission of a felony (DE # 544), this court sentenced him to life imprisonment (DE # 621). On January 11, 2007, Price filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and a memorandum in support. (Cause No. 2:01 CR 98, DE # 853, DE # 854; Cause No. 2:07 CR 12, DE # 1, DE # 2.) This motion was stayed for more than a year due to reinitiated appellate proceedings on Price's direct appeal. The court received the mandate of the court of appeals affirming Price's conviction and sentence on February 19, 2008. (DE # 909, 910.) Price then amended his § 2255 motion with an additional claim and added further support to his existing claims. (DE # 1003.) The court now **DISMISSES** several of these claims, and **ORDERS** the government to respond to those that remain.

RULE 4 OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS requires that a district court "promptly examine" a § 2255 motion, and if it determines that a defendant is "not entitled to relief," to dismiss the

motion. *Id.* The government must respond to any portion of the motion that is not dismissed. *Id.*

Price raises the following claims in his § 2255 motion and its amendment:

(1) ineffective assistance of trial counsel for—

    (A) failing to request a "multiple conspiracy" jury instruction,

    (B) failing to challenge the "relevant conduct" that the court considered at his sentencing,

    (C) committing cumulative errors resulting in prejudice, and

    (D) carrying too large a caseload, and thus being unable to competently represent Price in this case;

(2) the government failed to give notice before sentencing that it would present additional evidence of the drug amounts linked to Price;

(3) the court erred at sentencing by concluding that the "cocaine base" linked to Price was crack cocaine;

(4) ineffective assistance of appellate counsel for failure to—

    (A) argue that the trial court erred in denying his severance motion,

    (B) file a petition for a writ of certiorari on his behalf.

(DE # 854 at 1-16; DE # 1003 at 1-16.)

To begin, Price argues that his trial counsel was ineffective. In order to demonstrate ineffective assistance of trial counsel, Price must show that his attorney was constitutionally deficient, and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish deficient performance, Price must demonstrate that his counsel made errors that were so serious that he was

deprived of "counsel" within the meaning of the Sixth Amendment. *Id.* at 690. Courts must begin this analysis with the strong presumption that counsel performed adequately, and must allow counsel great discretion in the exercise of his or her professional judgment. *Id.* To establish prejudice, Price must show that there is a reasonable probability that the result of the proceeding would have been different without his counsel's errors. *Id.* at 694. If Price does not satisfy either portion of the *Strickland* test, his ineffective assistance claim fails. *Id.* at 697.

Price argues in his claim (1)(A) that his counsel should have requested a "multiple conspiracy" jury instruction. (DE # 854 at 5-9.) As he notes, such instructions should be given in cases where evidence of multiple conspiracies is presented at trial. (DE # 854 at 6 (quoting *United States v. Townsend*, 924 F. 2d 1385, 1410 (7th Cir. 1991)).) In this case, Price was found guilty of participating in a long-running drug distribution conspiracy in Gary, Indiana. *United States v. Price*, 418 F. 3d 771, 775 (7th Cir. 2005). However, the only evidence that Price identifies that supports the existence of multiple conspiracies is that his indictment lists his activities as beginning in 1996, which is later than the conspiracy start dates listed in some of his codefendants' indictments. (DE # 854 at 6-8; DE # 1003 at 1-2.) This difference in dates does not show that there were multiple conspiracies, just that Price joined the conspiracy after some of his codefendants. *See, e.g., United States v. Womack*, 496 F. 3d 791, 795 (7th Cir. 2007) ("[t]he government was not required to show that Womack conspired with all of the previously indicted co-conspirators . . . [t]he government needed only to prove that

3

Womack joined the agreement alleged"). Because Price fails to identify any actual evidence of multiple conspiracies, he fails to show that his counsel erred by not asking for such a multiple conspiracy jury instruction. Furthermore, he has not demonstrated prejudice because the lack of evidence of multiple conspiracies shows that even if counsel had asked for such an instruction, it would have been denied. This claim is dismissed.

Price's second ineffective assistance of trial counsel claim— claim (2)(A)— alleges that his counsel failed to challenge what was "relevant conduct" at sentencing, and thus failed to prevent the government from introducing evidence that the court used to increase his sentence. (DE # 854 at 9-16.) It is unclear from his motion what irrelevant conduct Price claims the government introduced at sentencing. At one point he cites a statement by one of the Assistant United States Attorneys on the case (*see* DE # 854 at 10-11), but in this statement the AUSA only discusses relevant conduct— things that Price did as part of the conspiracy. (*See id.*) Price's amended pleading also fails to cite any allegedly irrelevant conduct that the government introduced, instead spending six pages reviewing various legal holdings and case law. (DE # 1003 at 3-8.) Applicable legal rules and case law are certainly crucial to a successful motion, but so are the relevant facts, which Price fails to allege. Because he does not identify what this supposedly irrelevant evidence was, Price cannot establish either deficient performance or prejudice— he fails to show when his counsel should have objected and to what, and he fails to show that any objection would have excluded harmful evidence and resulted

4

in a lesser sentence. *See Foster v. Schomig*, 223 F. 3d 626, 631 (7th Cir. 2000) (party alleging ineffective assistance "must show that his attorneys' performance was deficient and that their errors caused him prejudice"). This claim is dismissed as well.

Price's remaining ineffective assistance claims suffer from the same flaw. His claim (1)(C) alleges that his counsel was ineffective by committing cumulative errors (DE # 854 at 16), and his claim (1)(D) argues that his counsel was ineffective because he was too busy to adequately prepare for trial (DE # 1003 at 11-15). Again, Price fails to support either of these claims with facts. He does not explain how his counsel was cumulatively deficient or what his many prejudicial mistakes were. Besides the baseless allegations that this court has just rejected, his motion and amended pleadings don't say. Furthermore, immediately before making this claim, he quotes his counsel making a reasonable and relevant objection (*see* DE # 854 at 15-16), and he also was acquitted on one charge (*see* DE # 544). These facts certainly do not support a claim of cumulative ineffectiveness. This claim is dismissed.

Similarly, Price never clarifies how his counsel was too busy to prepare for his trial. And, crucially, he fails to explain what his counsel would have done with additional prep time. Instead, Price provides a lengthy monolog on the American Bar Association's Model Rules for Professional Conduct. (*See* DE # 1003 at 11-16.) Unfortunately for Price, simply claiming that his counsel was so overworked he provided ineffective assistance does not make it so. He would have needed to provide details— specific actions that his counsel failed to take because of his overwhelming

5

workload— in order to gain relief on such a claim. Since Price completely fails to make the necessary factual allegations, he cannot attain relief on this claim. It is therefore dismissed.

Price next argues, in his claim (2), that the government failed to give him adequate notice before his sentencing hearing that it would seek to present additional evidence of the drug amounts linked to him. (DE # 854 at 15.) While the court suspects that Price may have procedurally defaulted this claim by failing to raise it on direct appeal, the court cannot discern from Price's pleadings whether this claim entitles him to relief or not. The court also believes that the government's explanation of what, if any, notice was given in the case would shed further light on this issue. The court therefore orders the government to respond to this claim.

Price's claim (3) asserts that this court erred at sentencing by finding that the "cocaine base" attributed to Price was in fact "crack cocaine." (DE # 854 at 16-18.) Price cites *United States v. Edwards*, 397 F. 3d 570 (7th Cir. 2005), arguing that although all crack is cocaine base "not all cocaine base is crack." (DE # 854 at 16-17.) Price also alleges that a forensic chemist only testified that "the substances" linked to him were cocaine base, not that they were crack cocaine. (*Id.* at 17.) At this point, the court cannot determine conclusively whether Price "is not entitled to relief" on this claim within the meaning of RULE 4. And while Price may have procedurally defaulted this claim, again, the court believes the government's review of the evidence on this subject would aid its analysis. The government is therefore ordered to respond to this claim.

6

Price's last two claims allege that his appellate counsel provided ineffective assistance. (DE # 854 at 18-25.) *Strickland*'s two-pronged test described above also governs such claims. *Gray v. Greer*, 800 F. 2d 644, 646 (7th Cir. 1985). To demonstrate that his appellate counsel provided deficient performance, Price must show that his lawyer "ignored 'significant and obvious' issues" and that the ignored issues were clearly stronger than the arguments raised on appeal. *Suggs v. United States*, 513 F. 3d 675, 678 (7th Cir. 2008) (quoting *Gray*, 800 F. 2d at 646). To demonstrate prejudice, Price must show a reasonable probability that had his attorney raised the ignored issues the result of his appeal would have different. *Id.* (citing *Strickland*, 466 U.S. at 694).

In his first ineffective assistance of appellate counsel claim, claim 4(a), Price alleges that his counsel should have argued that the court erred in denying his motion for a severance. (DE # 854 at 18-21.) He argues that he was prejudiced from spillover evidence presented against codefendant Terrence Dilworth, and appears to indicate that a severance would have cured this prejudice. (*Id.* at 19-20.) The Seventh Circuit has held that "[a] district court abuses its discretion in declining to order separate trials only when the defendant shows that the denial of the severance prevented him from receiving a fair trial." *United States v. Rice*, 520 F. 3d 811, 817 (7th Cir. 2008) (citing *United States v. Quilling*, 261 F.3d 707, 715 (7th Cir. 2001)). In addition, simply "showing that separate trials may have given the defendant a better chance of acquittal is insufficient." *Id.*

The factual allegations Price makes in support of this claim are as follows:

7

> As previously stated in Issue I, petitioner's and Dilworth's indictment were "joined;" however, Dilworth's indictment has a "different 'starting date,'" than petitioner's instant indictment and there appears to be "no over [sic] act(s)" to substantiate the corelation [sic] of the two "seperate [sic] indictments."
>
> The prejudice comes from the "spillover" of the differentiating "dates," that would allow the government to "introduce 'evidence'" that is <u>not</u> charged in petitioner's indictment, and creating a "fatal variance."

(DE # 854 at 20.)

As much as this court can understand, Price appears to allege that he was prejudiced by the denial of his severance motion because his and Dilworth's indictments mentioned a conspiracy that started on different dates. This is the same factual allegation that Price used to support his claim that his trial counsel was ineffective for failing to submit a multiple conspiracy jury instruction. (*See* DE# 854 at 7.) Again, the court finds this allegation insufficient to merit relief, even when coupled with Price's vague contention that there were no overt acts linking his and Dilworth's indictment.

Price must demonstrate that this claim is stronger than others raised by his counsel on direct appeal. *See Suggs*, 513 F. 3d at 678. Those claims included that evidence the government gathered via a wiretap should have been suppressed, the trial court erred in admitting several other pieces of evidence, the government violated *Brady* by failing to disclose an agreement it had with a witness, and that his sentence violated the Sixth Amendment. *United States v. Price*, 418 F.3d 771, 776-87 (7th Cir. 2005). But Price fails to argue or explain how these claims are inferior to his claim (4)(a), and it

8

would be hard to do so as his Sixth Amendment claim resulted in a remand to this court. *See id.* at 786-87.

Price summarily asserts that this claim "clearly" warrants relief, and thus apparently believes it would have been meritorious if raised on appeal. (DE # 854 at 21.) But given the paucity of facts Price alleges in support of this claim, this court emphatically does not believe that the Seventh Circuit or the Supreme Court would have found that the failure to sever Price's trial from his codefendant's denied him a fair trial. *See Rice*, 520 F. 3d at 817. Thus, Price fails to show that his counsel's failure to raise this issue on appeal prejudiced him. This claim is dismissed.

Price's second ineffective assistance of appellate counsel claim, his claim (4)(B), asserts that his appellate counsel was ineffective for failing to file a cert. petition on his behalf. This claim is plainly without merit because it is now moot. After Price raised this claim in this motion, the court stayed the motion, enabling the Seventh Circuit to appoint counsel for Price for the explicit purpose of filing a cert. petition on his behalf. *See United States v. Price*, 491 F. 3d 613 (7th Cir. 2007). His counsel indeed filed a petition for a writ of certiorari, which was denied, and then filed a petition for rehearing, which was also denied. *See Price v. United States*, 128 S. Ct. 669 (2007); *Price v. United States*, 128 S. Ct. 1342 (2007). Thus, his counsel on direct appeal *did* file a cert. petition on his behalf. His original counsel may have failed to file such a petition, but that failure was remedied. This claim is dismissed.

9

In conclusion, Price's ineffective assistance of trial and appellate counsel claims—claims (1)(a)-(d) and (4)(a)-(b)— are dismissed pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. The court **ORDERS** the government to respond to the claims that remain by September 1, 2008.

**SO ORDERED.**

**DATE:** August 1, 2008

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT