UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:07 CV 12 |
| v. | ) | |
| | ) | (arising from 2:01 CR 98) |
| TERRAUN PRICE | ) | |

## OPINION and ORDER

After a jury found defendant Terraun Price guilty of one count of conspiracy to distribute crack cocaine and one count of using a telephone to facilitate the commission of a felony (DE # 544), this court sentenced him to life imprisonment (DE # 621). In an effort to contest these events, Price filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and a memorandum in support. (Cause No. 2:01 CR 98, DE # 853, DE # 854; Cause No. 2:07 CR 12, DE # 1, DE # 2.) After a stay (*see* DE # 856; DE # 909; DE # 910), Price amended his § 2255 motion with an additional claim and added further support to his existing claims (DE # 1003). This court then dismissed several of Price's claims pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, and ordered the government to respond to the remaining two. (DE # 1020.) The government has now done so (DE # 1107), and Price has replied (DE # 1123). For the reasons explained below, the court will deny Price's remaining claims.

The two claims that survived this court's RULE 4 review were that: (A) the government failed to give notice before sentencing that it would present additional evidence of the drug amounts linked to Price; and (B) the court erred at sentencing by

concluding that the "cocaine base" linked to Price was crack cocaine. (DE # 854 at 15-18; DE # 1003 at 1-16; DE # 1020 at 6.)

In its response, the government contends that Price has procedurally defaulted both of these claims by failing to raise them on direct appeal. (DE # 1107 at 7.) A defendant seeking relief under § 2255 cannot raise non-constitutional issues in his motion that could have been raised on direct appeal but were not, absent changed circumstances. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). And with the exception of claims for ineffective assistance of counsel, constitutional issues that were not raised on direct appeal can only be brought in a § 2255 motion if the defendant demonstrates "cause for the procedural default as well as actual prejudice" from the failure to raise the claim, *see Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993), or that he is actually innocent, *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Reviewing the Seventh Circuit's opinion affirming Price's convictions on direct appeal, *United States v. Price*, 418 F. 3d 771 (7th Cir. 2005), and its subsequent orders affirming Price's sentence, and addressing his efforts to file a petition for a writ of certiorari, *United States v. Price*, 491 F.3d 613 (7th Cir. 2007), this court determines that the government is correct that Price failed to raise both of his current claims on direct appeal. These claims are therefore procedurally defaulted. *See Barker*, 7 F.3d at 632. Because Price's claims deal with sentencing and do not allege that he is actually innocent, assuming that his claims are constitutionally-based, he would need to show

both cause for the default and resulting prejudice. *See Torzala*, 545 F.3d at 522. In his reply, Price appears to admit that he procedurally defaulted these claims by failing to raise them on direct appeal, but argues that the "cause" behind this procedural default was his appellate counsel's ineffectiveness.[1] (DE 1123 at 2-5.)

However, even if Price could show cause for the default, the factual record noted by the government prevents Price from showing prejudice. Regarding Price's first claim, that the government failed to give him adequate notice before his sentencing hearing that it would seek to present additional evidence of the drug amounts linked to him (DE # 854 at 15), the government points out that all the evidence presented at sentencing was either previously admitted at trial or referred to in the presentence report (DE # 1107 at 8). This report was made available to Price more than a month before his sentencing hearing. Since it appears that Price did in fact have a significant amount of notice regarding the evidence that would be presented at his sentencing, the court holds that he cannot show prejudice that would excuse his procedural default of this claim.

The factual record also rebuts any attempt to show prejudice on Price's second claim— that the court erred at sentencing by finding that the "cocaine base" attributed to him was in fact crack cocaine. (DE # 854 at 16-18.) The government explains that

---

[1] To the extent that Price's reply brief seeks to raise some entirely new ineffective assistance of counsel claims, the court rejects these claims, as it already gave Price an opportunity to amend his initial § 2255 motion. (*See* DE # 938; DE # 953); *see Carnes v. MCI Telecommunications Corp.*, No. 96 C 0627, 1997 WL 767013, at *3 (N.D.Ill., Dec.4, 1997) ("[t]he moving party may not . . . raise new issues in its reply brief").

there was significant evidence at trial and sentencing that Price sold crack, helped cook crack, negotiated the sale of crack with others, and aided his coconspirators in the selling of crack. (DE # 1107 at 2-3, 7.) For example, one piece of evidence presented at sentencing included the transcript from Price's trial of witness Michael Carter, who told the court that he bought crack from Price five or six times. (*Id.* at 3.) Thus, there was a significant amount of evidence presented both at trial and sentencing that the "cocaine base" Price dealt with was, in fact, crack cocaine. Due to this strong evidence, Price cannot show prejudice for his failure to raise this claim on direct appeal. *See Torzala*, 545 F.3d at 522.

In conclusion, Price plainly procedurally defaulted his two remaining claims by failing to raise them on direct appeal. The evidence in the record rebuts any effort to show prejudice that would excuse the procedural default. This court therefore rejects Price's remaining two claims. Price's motion to vacate his sentence pursuant to § 2255 (DE # 853) is **DENIED**. The associated civil case is **DISMISSED**. The clerk shall enter final judgment accordingly, and give immediate notice to Price.

**SO ORDERED.**

**DATED:** April 16, 2009

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT