UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:01 CR 98 |
| | ) | |
| **TERRAUN PRICE** | ) | |

### OPINION and ORDER

This matter is before the court on defendant Terraun Price's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 1542.) For the reasons that follow, the motion will be denied.

I.  **BACKGROUND**

In October 2003, following his jury trial, Price was sentenced to a term of life imprisonment, and a five-year term of supervised release, for conspiracy to distribute 50 grams or more of crack cocaine, and using a telephone to facilitate a drug crime, in violation of 21 U.S.C. §§ 843(b), 846, and 18 U.S.C. § 2. (DE ##621, 622.) Price's sentence was later reduced to a 360-month term of imprisonment and a four-year term of supervised release. (DE ## 1427, 1529.) Price is currently incarcerated at FCI Fort Dix. Price is 50 years old and has a projected release date of October 5, 2027. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Mar. 22, 2021).

Price has filed a *pro se* motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 1542.) Price has high blood pressure and Type II diabetes. (*See e.g.* DE # 1542 at 22.) Price claims that his medical conditions, as well as the

conditions of his incarceration, place him at an increased risk of contracting, and falling seriously ill from, COVID-19. (DE # 1542.) He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison. (*Id.*)

Pursuant to this court's General Order 2020-11, the undersigned referred Price's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Price may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 1544.) The FCD filed a status report stating that, after discussion with the defendant, Price requests that the court consider his *pro se* motion, and that the FCD would file a reply on his behalf if necessary. (DE # 1556.) The Government opposed Price's motion (DE # 1561), and the FCD filed a reply on Price's behalf. (DE # 1564.) This matter is fully briefed and is ripe for ruling.

## II.  ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. §

2

3582(c)(1)(A).

### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

On April 25, 2020, Price filed a request for compassionate release with the warden of his prison. (DE # 1548-1 at 1.) His request was denied on May 5, 2020. (*Id.* at 2.) The Government concedes that Price has met the exhaustion requirement. (DE # 1561 at 3.) Accordingly, the court finds that Price has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

### 2. Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as

is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Price argues that his diabetes and high blood pressure place him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having Type II diabetes increases a person's risk for severe illness from COVID-19, and having high blood pressure might increase a person's risk for severe illness from COVID-19. *People

4

*with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 22, 2021). Price has submitted evidence that the risk of death for people with Type II diabetes is 7.3%, a number significantly higher than that for the general population. (DE # 1564-2 at 4.)

Price's medical records indicate that he has already had COVID-19 and was asymptomatic. (DE # 1542-5 at 14, 17.) Price tested positive on June 24, 2020. (*Id.*) When he was tested again two weeks later, his test results were inconclusive. (*Id.* at 15.) Thankfully, the severe illness Price feared did not come to pass.

Price argues that the conditions of his incarceration place him at increased risk of contracting the virus for a second time. (DE # 1569.) Price filed his motion when he was incarcerated at FCI Elkton. He was later transferred to Fort Dix. Around the time of his transfer, Fort Dix experienced a significant increase in positive inmate cases. (*See id.*, accompanying exhibits.) According to the BOP, 1821 Fort Dix inmates and 47 staff members have recovered from COVID-19. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 23, 2021). Fort Dix houses 2,747 inmates. *FCI Fort Dix*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/ftd/ (last visited Mar. 23, 2021). It is not clear how many of these inmates had been infected and recovered prior to this "second wave" of cases around the time of Price's arrival at the facility. (*See e.g.* DE # 1569-1 at 1.) However, what is clear is that the BOP has now controlled the spread of the virus at the facility. Fort Dix currently

5

has 3 inmate cases of COVID-19 and 41 staff member cases. *COVID-19 Coronavirus*, *supra*. There has been 1 inmate and 0 staff member deaths due to the virus. *Id.*

Under the circumstances, Price has not established an extraordinary and compelling reason warranting compassionate release. While his medical conditions do place him at an increased risk of severe illness were he to contract COVID-19 for a second time, the virus has been effectively controlled at his facility. Accordingly, defendant is not entitled to compassionate release.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to defendant's situation and his concern about potentially becoming re-infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, defendant's motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 1542). The court **GRANTS** defendant's motion to amend exhibits. (DE # 1548.)

             **SO ORDERED.**

Date: March 25, 2021

          s/James T. Moody
          JUDGE JAMES T. MOODY
          UNITED STATES DISTRICT COURT